UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JOSE TINEO,

Petitioner,

v.

CONSTANCE REESE, Warden,

Respondent.

Civil File No. 00-2773 (ADM/SRN)

**REPORT AND RECOMMENDATION**

Jose Tineo, Federal Medical Center, PMB 4000, Rochester, Minnesota, 55903, Petitioner, pro se.

Mark D. Larsen, Assistant U.S. Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for Respondent.

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on the petition of Jose Tineo for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent has filed a return, contending that the petition should be denied. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it will be recommended that Petitioner's application for habeas corpus relief be denied, and that this action be dismissed with prejudice.

## I. BACKGROUND

In 1996, Petitioner was indicted for conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). He was later tried and convicted in the U.S. District Court for the Eastern District of Wisconsin, and on January 29, 1997, he was

FILED JUL 19 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

sentenced to 152 months in federal prison.[1] He is presently serving his federal prison term at the Federal Medical Center in Rochester, Minnesota.

Petitioner filed a direct appeal with the Seventh Circuit Court of Appeals, but his convictions and sentence were affirmed. United States v. Martinez, Nos. 96-4159, 97-1297, 97-1266, and 97-1582 (7th Cir. 1998), 1998 WL 636779 (unpublished opinion), cert. denied, 525 U.S. 1091 (1999). Thereafter, Petitioner challenged his convictions in two separate motions filed in the trial court. The first such motion, purportedly brought under Fed. R. Crim. P. 12(b), was denied on October 21, 1998; and the second motion, brought under 28 U.S.C. § 2255, was denied on December 1, 1998. (Respondent's Return, Exhibits D and F.)

After the Supreme Court handed down its decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), Petitioner filed a motion in the Seventh Circuit Court of Appeals, seeking leave to file a second § 2255 motion. (See 28 U.S.C. § 2255 [¶ 8] and 28 U.S.C. § 2244(b) (requiring circuit court pre-authorization before a second § 2255 motion can be filed).) He wanted to raise a claim based on Apprendi in a new motion to the trial court, but the Court of Appeals refused to grant him permission to do so. (See Petition, [Docket No. 1], p. 2.) Having been denied the opportunity to raise his Apprendi claim in a § 2255 motion, Petitioner is now attempting to present that claim in a petition for habeas corpus relief brought under 28 U.S.C. § 2241. He cannot do that, however, for the reasons discussed

---

[1] A copy of the indictment in Petitioner's case is attached to Respondent's Return, (Docket No. 4), as Exhibit A. Petitioner's conviction and sentencing judgment is annexed to the Return as Exhibit B. The judgment indicates that Petitioner was actually found guilty on three drug offense charges (all involving possession with intent to distribute cocaine) listed in a "superseding indictment." He received a 152-month sentence for each of his three convictions, to be served concurrently.

below.

## II. DISCUSSION

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). In other words, a jury, rather than a judge alone, must make the factual determinations (beyond a reasonable doubt) on any issue, other than the existence of prior convictions, which causes a defendant to receive a sentence greater than the statutory maximum for the charged offense.

Our Court of Appeals has recognized that the rule announced in Apprendi can be applicable to federal drug cases brought under 21 U.S.C. § 841, such as Petitioner's. See e.g., United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir.), cert. denied, 121 S.Ct. 600 (2000). If the government seeks a conviction and sentence for an offense involving a specific type and quantity of a controlled substance, then the indictment must charge, and the jury must find, all of the essential elements of the crime -- including the quantity of the controlled substance at issue. As explained in United States v. Moss, 252 F.3d 993, 996 (8th Cir. 2001), "in the context of § 841's quantity-dependent sentencing scheme... Apprendi prohibits the government from seeking to impose a sentence in excess of § 841(b)(1)(C)'s 20-year maximum sentence unless drug quantity is both alleged in the indictment and found beyond a reasonable doubt by a jury."[2]

---

[2] Defendants can be convicted and sentenced under §§ 841(b)(1)(A) or 841(b)(1)(B) only if their crimes involved certain specified quantities of the controlled substances listed in those statutes. The maximum sentence for a defendant convicted under either of those two parts of the statute can exceed twenty years. Subsection

Petitioner presently claims that the requirements of Apprendi were not satisfied in his case. He contends that his conviction and sentence should be set aside, pursuant to Apprendi, because his indictment did not specify the amount of cocaine alleged to be involved in the charged offenses, and because the jury was not required to make a finding as to the specific amount of cocaine involved in his offenses.

Petitioner has correctly recognized that the substantive validity of his Apprendi claim cannot be considered without first determining whether the rule of Apprendi is retroactively applicable; i.e., whether it can be applied to cases that were fully adjudicated before the Supreme Court handed down its opinion. (See Petition, [Docket No. 1], pp. 3-5.) Petitioner's convictions and sentence became final no later than January 11, 1999, when the Supreme Court denied his petition for certiorari, (525 U.S. 1091), following the Seventh Circuit's ruling on his direct appeal. Apprendi was not decided until June 26, 2000. Therefore, if Apprendi is not retroactively applicable, then Petitioner's current claims, which are based solely on that case, must be summarily rejected.

Before the Eighth Circuit's recent decision in United States v. Moss, supra, it could reasonably be argued that Apprendi is retroactively applicable, and that Apprendi claims can properly be raised on collateral review. See United States v. Nicholson, 231 F.3d 445, 454, n. 1 (8th Cir. 2000) (noting that whether Apprendi is or is not retroactively applicable "remains an open question in this Circuit"), cert. denied, 121 S.Ct. 1244 (2001); see also United States v. Murphy, 109 F.Supp.2d 1059, 1063-64 (D.Minn. 2000) (concluding that

---

841(b)(1)(C), on the other hand, does not mention any minimum drug quantities. However, a sentence imposed for a § 841(b)(1)(C) violation – involving an indeterminate quantity of drugs – is capped at a 20-year maximum.

Apprendi does establish a new rule of constitutional law that is retroactively applicable and can properly be raised on collateral review). Moss, however, closes and locks the door to Petitioner's retroactivity argument. Following an exhaustive analysis and application of the retroactivity principles set forth in Teague v. Lane, 489 U.S. 288 (1989), our Court of Appeals has concluded that Apprendi is not retroactively applicable, because it did not announce a "watershed rule of criminal procedure." Moss, 252 F.3d at 998. Simply put, "Teague bars petitioners from raising Apprendi claims on collateral review." Id. at 997. Because Apprendi is not retroactively applicable, Petitioner's Apprendi-based claims cannot be entertained in the present habeas corpus proceeding.[3]

Petitioner should not leave this Court thinking that his convictions and sentence would have been vacated if only Moss had been decided differently. Although the merits of Petitioner's Apprendi claim cannot properly be adjudicated here, (for the reasons discussed above), it is nevertheless worth noting that, in fact, Petitioner has no valid Apprendi claim in any event.

---

[3] The Court of Appeals also held in Moss that even if Apprendi claims were not "Teague barred," such claims would still be subject to the federal courts' longstanding rules pertaining to procedural defaults. Thus, an Apprendi claim that is raised for the first time in a post-conviction proceeding, (i.e., a § 2255 motion or a habeas corpus petition), will not be addressed on the merits "unless a petitioner can demonstrate (1) cause for the default and actual prejudice, or (2) actual innocence." Moss, 252 F.3d at 1001. Moreover, the fact that a prisoner's direct appeal was fully completed before Apprendi was even decided, (as is the case here), does not constitute sufficient "cause" to overcome a prisoner's procedural default. Id. at 1003 ("[b]ecause the Apprendi claim Moss now seeks to raise was reasonably available to his counsel, [even though Apprendi had not yet been decided when Moss filed his direct appeal,] he cannot show cause for his failure to raise the issue as part of his direct appeal and is procedurally barred from raising it now"). According to Moss, Petitioner's Apprendi claim cannot be addressed on the merits not only because Apprendi is not retroactively applicable, but also because the claim is barred by the doctrine of procedural default.

A prisoner convicted under 21 U.S.C. § 841 does not have an actionable Apprendi claim unless his sentence has been increased, beyond the statutory maximum for an indeterminate amount of a controlled substance, based on a drug-quantity determination made by a judge, rather than a jury. "The use of a judicially determined drug quantity as a basis for sentencing is permissible, ... so long as the defendant's sentence does not exceed the statutory maximum sentence available for an indeterminate amount of the drug." United States v. Caldwell, No. 98-2781, (8th Cir. July 6, 2001), 2001 WL 754755 (per curiam) at *1, citing Aguayo-Delgado, 220 F.3d at 933-34. The statutory maximum sentence for an indeterminate amount of cocaine -- the controlled substance at issue in Petitioner's case – is 20 years. 21 U.S.C. § 841(b)(1)(C). (See footnote 2, supra.) Because Petitioner's sentence of 152 months is less than the 20-year statutory maximum sentence for a § 841 offense involving an indeterminate amount of cocaine, he would not be entitled to habeas corpus relief on his Apprendi claim, even if Moss had been decided differently.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2. This action be DISMISSED WITH PREJUDICE.

Dated: July 19, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500