**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jose Tino,[1]

Petitioner,

v.

Constance Reese, Warden,

Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2773 ADM/SRN

---

Jose Tino appears *pro se*.

Mark D. Larsen, Esq., Assistant United States Attorney, Minneapolis, Minnesota, on behalf of Respondent.

---

## I. INTRODUCTION

On December 27, 2000, Petitioner Jose Tino ("Petitioner") filed a Petition for Writ of Habeas Corpus [Doc. No. 1] pursuant to 28 U.S.C. § 2241. This matter now is before the undersigned United States District Judge pursuant to Petitioner's Objections [Doc. No. 7] to the July 19, 2001, Report and Recommendation ("R&R") of Magistrate Judge Susan Richard Nelson [Doc. No. 6]. In the R&R, Judge Nelson recommends that the Petition for Writ of Habeas Corpus be denied and the Petition be dismissed with prejudice. For the reasons set forth below, the Petition is denied and dismissed.

---

[1] Although the case is captioned "Tineo," it appears from Petitioner's signature on his Objections document that he spells his name "Tino."

AUG 17 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD AUG 17 2001
DEPUTY CLERK

## II. BACKGROUND

The factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purposes of Petitioner's present objections.

## III. DISCUSSION

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

Petitioner asserts a violation of his Sixth Amendment right to trial by jury, as interpreted in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the U.S. Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 470. The Eighth Circuit recognized that the new rule announced in *Apprendi* is applicable to federal drug cases brought under 21 U.S.C. § 841. *See United States v. Aguayo-Delgado,* 220 F.3d 926, 933-34 (8th Cir. 2000). In the context of a quantity-driven sentencing scheme, "*Apprendi* prohibits the government from seeking to impose a sentence in excess of § 841(b)(1)(C)'s 20-year maximum sentence unless drug quantity is both alleged in the indictment and found beyond a reasonable doubt by a jury." *United States v. Moss*, 252 F.3d 993, 996 (8th Cir. 2001). The rule of *Apprendi* only applies where the non-jury factual determination increases the maximum sentence beyond the statutory range authorized by the jury's verdict without reference to drug quantity. *See Aguayo-Delgado,* 220 F.3d at 933-34.

Petitioner cannot state a valid Sixth Amendment claim under *Apprendi*. The Eighth Circuit held that *Apprendi* is not retroactively applicable and cannot be raised on collateral review. *Moss*, 252 F.3d at 998 (citing *Teague v. Lane*, 489 U.S. 288 (1989)). Moreover, because Petitioner's sentence of 152 months is less than the 20-year statutory maximum involving an indeterminate amount of cocaine under § 841(b)(1)(C), he is not entitled to relief under *Apprendi*. Petitioner's Objections are unavailing. The Petition for Habeas Corpus is dismissed.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DENIED** and the Petition is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: August 17, 2001